IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 14-cr-00139-WJM

UNITED STATES OF AMERICA,

   Plaintiff,

v.

JAYCEE L. COLLIER,

   Defendant.
_____

**UNITED STATES' MOTION FOR PRELIMINARY ORDER OF FORFEITURE FOR A PERSONAL MONEY JUDGMENT AGAINST DEFENDANT JAYCEE L. COLLIER**
_____

  COMES NOW the United States of America, by and through United States Attorney John F. Walsh and Assistant United States Attorney Martha A. Paluch, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) , Rule 32.2(b) of the Federal Rules of Criminal Procedure, and incorporating the Plea Agreement entered into with Defendant Jaycee L. Collier, and moves this Court to enter, before sentencing, a Preliminary Order of Forfeiture for a Personal Money Judgment in the amount of $125.000.00, which amount constitutes proceeds obtained as a result of the scheme alleged in the Indictment, and as agreed to by Defendant Jaycee L. Collier through his plea agreement.

  In support, the United States states as follows:

**I. Procedural Background**

  1. On April 8, 2014, the grand jury returned an Indictment charging Defendant Jaycee L. Collier with Wire Fraud in Counts 1 through 5, in violation of 18

U.S.C. § 1343, and Bribery of a Public Official in Counts 6-18, in violation of 18 U.S.C. § 201(b)(2)(B). (Doc. #1).

2. The Indictment also sought forfeiture in the form of a personal money judgment against Defendant Jaycee L. Collier, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), in the amount of proceeds obtained as a result of the scheme alleged in the Indictment.

3. On August 6, 2014, the United States and Defendant Jaycee L. Collier entered into a Plea Agreement. (Doc. #25). The Plea Agreement provided, *inter alia*, that the defendant agreed to plead guilty to Count One of the Indictment, and further to admit the forfeiture allegation in the Indictment.

4. The Plea Agreement provides an ample basis for an order of forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

**II.     Legal Argument**

5. Pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), the Court shall order criminal forfeiture of property constituting, or derived from, proceeds obtained directly or indirectly as a result of Defendant Jaycee L. Collier's plea of guilty to Count 1 of the Indictment charging a violation of 18 U.S.C. § 1343, Wire Fraud, and pursuant to the terms of his plea agreement.

6. Pursuant to Rule 32.2(b)(1)(A) of the Federal Rules of Criminal Procedure, the Court must determine what property is subject to forfeiture as soon as practicable after a plea of guilty. When a personal money judgment is sought, "the court must determine the amount of money the defendant will be ordered to pay." Fed. R. Crim. P. 32.2(b)(1)(A). Once the property is determined to be subject to forfeiture, the Court

"must promptly enter a preliminary order of forfeiture setting forth the amount of any money judgment." Fed. R. Crim. P. 32.2(b)(2)(A); *United States v. McGinty,* 610 F.3d 1242, 1248 (10th Cir. 2010).

    7.    It is mandatory that the Preliminary Order of Forfeiture is entered "sufficiently in advance of sentencing to allow the parties to suggest revisions or modifications before the order becomes final as to the defendant." Fed. R. Crim. P. 32.2(b)(2)(B); *see also United States v. Schwartz*, 503 Fed. App'x 443, 447 (6th Cir. 2012) (unpublished) (finding it was error to fail to enter a preliminary order of forfeiture and stating that it must be entered before sentencing); *United States v. Shakur*, 691 F.3d 979, 988-89 (8th Cir. 2012) (criminal forfeiture was reversed for a procedural due process violation when no preliminary order of forfeiture was entered and noting that it must be entered before sentencing).

    8.    As set forth in the Plea Agreement, the defendant Jaycee L. Collier and the United States agree that the United States has established that $125,000.00 in proceeds were obtained by the defendant and others through the commission of the scheme alleged in the Indictment. Specifically, Defendant Jaycee L. Collier designed a scheme to defraud the United States by arranging to wire transfer the names and personal identifiers of potential recruits to Army Reserve Recruiting Assistants, who then shared their fraudulent bonuses with Defendant Jaycee L. Collier. Defendant's scheme resulted in the payment of approximately $125,000.00 in fraudulent referral bonuses. Accordingly, a forfeiture money judgment in the amount of $125,000.00 should be entered against Defendant Jaycee L. Collier pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

WHEREFORE, the United States moves this Court to enter the Preliminary Order of Forfeiture for a Personal Money Judgment in the amount of $125,000.00 tendered herewith, for the reasons set forth above.

DATED this 29th day of October 2014.

        Respectfully submitted,

        JOHN F. WALSH
        United States Attorney

By:   s/ *Martha A. Paluch*
        Martha A. Paluch
        Assistant U.S. Attorney
        U.S. Attorney's Office
        1225 Seventeenth Street, Ste. 700
        Denver, Colorado 80202
        Telephone: (303) 454-0100
        E-mail: Martha.Paluch@usdoj.gov
        *Attorney for the United States*

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of October, 2014, I electronically filed the foregoing with the Clerk of Court using the ECF system which will send notification of such filing to the following e-mail addresses:

Mr. Brian R. Leedy
Assistant Federal Public Defender
Counsel for Defendant Jaycee L. Collier
633 Seventeenth Street, Suite 1000
Denver, CO  80202
Brian_Leedy@fd.org

Mr. Darren Streich
U.S. Probation Officer
Darren_Streich@cod.uscourts.gov

*s/ Dee Boucher*
United States Attorney's Office