**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Action No. 14-cr-00139-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JAYCEE L. COLLIER,

    Defendant.

_____

**GOVERNMENT'S SENTENCING STATEMENT**
_____

    The United States of America, by and through Martha A. Paluch, Assistant United States Attorney for the District of Colorado, hereby submits its sentencing statement.

    This matter is scheduled for sentencing on November 18, 2014, at 3:30 p.m.

    The United States has no objections to the sentencing guidelines calculation as set forth in the Presentence Investigation Report.  Doc. 29.  However, the United States notes the following:

    As part of the parties' Plea Agreement, the defendant admitted to the forfeiture allegation as set forth in the Indictment and agreed that the forfeiture alleged is not excessive.  Doc. 25 at 1. The Indictment alleged forfeiture in the form of a money judgment in the amount of proceeds obtained by the scheme and by the defendant.  Doc. 1 at 6.  The parties stipulated that the loss relevant to the offense to which the defendant was pleading guilty was $125,000.  *Id.* at 6.  On October 30, 2014, the Court

issued a Preliminary Order of Forfeiture for a Personal Money Judgment Against Defendant Jaycee L. Collier in the amount of $125,000. Doc. 35.

In Paragraph 38 of the Presentence Report, the Probation Office notes that the defendant's roommate owns a firearm, but that the firearm is currently in a storage unit. The United States requests that the Court advise the defendant at sentencing of the consequences to him, as a convicted felon, if the firearm ends up in the apartment where the defendant is living, even if the defendant is not aware that his roommate has moved the firearm to the apartment from the storage unit.

As noted in the Report, the parties agreed that the defendant is free to argue for a variant sentence below the applicable guideline range, and that the government would argue for a sentence at the bottom of the applicable guideline range.

The Probation Department is recommending a sentence of five years' probation to include six months of home confinement.  Doc. 29 at R-3.  The United States agrees that a variant sentence is warranted in this case, but disagrees with the sentence recommended by the Probation Department for the following reasons:

After being advised by Docupak that he was ineligible to participate in the AR-RAP program, the defendant attempted to reactive his AR-RAP account, and was told once again by Docupak that he was ineligible to participate in the program. Nonetheless, the defendant devised a scheme whereby he recruited 12 other reservists to sign up for the AR-RAP program as Recruiting Assistants (RAs) and those RAs shared fraudulent bonus referral payments with him.  These RAs explained that Collier (and in some instances Collier's friend Recruiting Assistant S.P.) encouraged them to

sign up for the AR-RAP program and assured them that allowing Collier to nominate potential soldiers into their RA accounts was legal as long as they paid taxes on that money. At least one RA stated in her interview that she reported the bonus money on her taxes and even reported the "finder's fee" money she paid to Collier as a business expense on Schedule C of her tax returns.

      Collier had previously served with most of these RAs and had been senior in rank to many of them. They believed him when he assured them that what he was proposing was legal. Eight of the twelve RAs involved were women who were financially vulnerable. Most of these women stated that Collier knew they were in need of money. Collier was also more knowledgeable about the AR-RAP rules and regulations and repeatedly assured the RAs that there was nothing in the rules prohibiting what he was proposing. Collier recruited RAs to participate in this scheme and received portions of the fraudulent bonus payments over the course of three years, from March 2009 through July 2012. Doc. 1 at 3.

      The United States did not charge the twelve RAs involved in this case due to a lack of evidence regarding criminal intent. However, ten of the twelve RAs are still in the Reserves. The Staff Judge Advocates in charge of the divisions in which these 10 RAs are located have confirmed that despite a finding of lack of criminal intent by our office, they may take administrative action against these RAs based on their conduct. These RAs face possible separation from the Reserves (which means they lose all benefits) with a dishonorable discharge, to a letter of reprimand. While these RAs should have known better, and should be held accountable for their conduct, the role

the defendant played in convincing these RAs to participate in this scheme should not be overlooked.

A comparison between this case and that of *United States v. Thurman Foster,* 13-cr-00239-RM, is warranted. Foster was sentenced to five years of probation on February 20, 2014, for his plea of guilty to Theft of Public Money in violation of Title 18, United States Code, Section 641. Foster was an RA for the Army National Guard Recruiting Assistance Program (G-RAP). Foster falsely claimed he recruited potential soldiers whom he did not meet, and received $31,000 in bonus payments to which he was not entitled. A full-time recruiter gave Foster identifying information about many of the potential soldiers Foster claimed he recruited himself. While Foster personally received $3,000 more than Collier, Collier's scheme resulted in a loss of $125,000 to the Army Reserve, and has jeopardized the careers of 12 other soldiers. Foster's conduct occurred over a period of approximately two years as compared to the three years at issue here.

Having said all this, the government agrees with the Probation Office that the defendant's lack of criminal history, and the fact he presents minimal danger to the community and minimal risk of recidivism all dictate in favor of a variant sentence. The government contends a variant custodial sentence of six months is warranted in this case. A six-month sentence is more than a 50 percent reduction from the bottom of the applicable advisory guideline range of 15 to 21 months. Such a sentence would serve the goals set forth in Title 18, United States Code, Section 3553(a) to reflect the seriousness of this offense, to promote respect for the law, to provide just punishment

and deter others from engaging in this conduct.  In the alternative, if the Court does not believe a custodial sentence is warranted, the government submits that the period of home confinement should be one year, rather than six months, as recommended by the Probation Department.

                                          Respectfully submitted,

                                          *s/ Martha A. Paluch*
                                          Martha A. Paluch
                                          Assistant U.S. Attorney
                                          United States Attorney's Office
                                          1225 17th Street, Suite 700
                                          Denver, CO  80202
                                          (303) 454-0100
                                          Martha.paluch@usdoj.gov

## **CERTIFICATE OF SERVICE**

I certify that on this 30th day of October, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Brian R. Leedy
Attorney for Defendant
Office of the Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
(303) 294-7002
Brian_Leedy@fd.org.

Darren Streich
U.S. Probation Officer
1929 Stout Street, Suite C-120
Denver, CO  80294
(303) 335-2426
Darren_Streich@cod.uscourts.gov

*s/ Grazy Banegas*
Grazy Banegas
United States Attorney's Office
1225 17th Street, Suite 700
Denver, CO  80202
(303) 454-0100
grazy.banegas@usdoj.gov